E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7162
    Facsimile: (213) 894-0141
    E-mail:   catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 23-521-FMO |
|       Plaintiff, | STIPULATION FOR PROTECTIVE ORDER |
|         v. | |
| NAASON JOAQUIN GARCIA, | |
|       Defendant. | |

    Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney Catharine Richmond,
and defendant NAASON JOAQUIN GARCIA ("defendant"), by and through his
counsel of record Alan Jackson and Caleb Mason, hereby stipulate to,
and respectfully request that the Court enter, the following
protective order ("Protective Order") in this case:

    1.  On October 25, 2023, defendant was charged by indictment in
the case of United States v. GARCIA, CR 23-521-FMO.

1    2.    As part of its investigation in the above-captioned case,

2  law enforcement personnel have collected: (1) information relating to

3  individuals the government classifies as child victims and/or

4  witnesses, and (2) personally identifying information of both

5  children and adults, which the government seeks to provide defense

6  counsel pursuant to Rule 16 of the Federal Rules of Criminal

7  Procedure (although some of the material may exceed the scope of the

8  government's discovery obligations).  The defense does not make any

9  stipulation, concession, or agreement relating to any individual

10  covered by this stipulation as to their identity, age, or connection

11  to this case.

12    3.    The parties recognize that all materials that the

13  government produces to the defense are solely for the use of

14  defendant, his attorney, or other individuals or entities acting

15  within the attorney-client relationship to prepare for the trial in

16  this case.  The purpose of this Protective Order is to prevent the

17  unauthorized dissemination, distribution, or use of materials

18  containing what the government classifies child victim information

19  and/or personally identifying information.

20    4.    Title 18, United States Code, Section 3509(d) states:

21    (d) Privacy protection.--

22        (1) Confidentiality of information.—

23            (A) A person acting in a capacity described in

24        subparagraph (B) in connection with a criminal proceeding

25        shall--

26                (i) keep all documents that disclose the name or

27        any other information concerning a child in a secure place

28

2

1    to which no person who does not have reason to know their

2    contents has access; and

3              (ii) disclose documents described in clause (i)

4    or the information in them that concerns a child only to

5    persons who, by reason of their participation in the

6    proceeding, have reason to know such information.

7         (B) Subparagraph (A) applies to--

8              (i) all employees of the Government connected

9    with the case, including employees of the Department of

10   Justice, any law enforcement agency involved in the case,

11   and any person hired by the Government to provide

12   assistance in the proceeding;

13             (ii) employees of the court;

14             (iii) the defendant and employees of the

15   defendant, including the attorney for the defendant and

16   persons hired by the defendant or the attorney for the

17   defendant to provide assistance in the proceeding; and

18             (iv) members of the jury.

19   (2) Filing under seal.--All papers to be filed in court

20   that disclose the name of or any other information

21   concerning a child shall be filed under seal without

22   necessity of obtaining a court order. The person who makes

23   the filing shall submit to the clerk of the court--

24        (A) the complete paper to be kept under seal; and

25        (B) the paper with the portions of it that disclose

26   the name of or other information concerning a child

27   redacted, to be placed in the public record.

28

3

1          (3) Protective orders—

2              (A) On motion by any person the court may issue an

3  order protecting a child from public disclosure of the name

4  of or any other information concerning the child in the

5  course of the proceedings, if the court determines that

6  there is a significant possibility that such disclosure

7  would be detrimental to the child.

8              (B) A protective order issued under subparagraph (A)

9  may--

10                 (i) provide that the testimony of a child

11  witness, and the testimony of any other witness, when the

12  attorney who calls the witness has reason to anticipate

13  that the name of or any other information concerning a

14  child may be divulged in the testimony, be taken in a

15  closed courtroom; and

16                (ii) provide for any other measures that may be

17  necessary to protect the privacy of the child.

18  (4) Disclosure of information.--This subsection does not

19  prohibit disclosure of the name of or other information

20  concerning a child to the defendant, the attorney for the

21  defendant, a multidisciplinary child abuse team, a guardian

22  ad litem, or an adult attendant, or to anyone to whom, in

23  the opinion of the court, disclosure is necessary to the

24  welfare and well-being of the child.

25      5.   "Personal Identifying Information" ("PII") includes any

26  information that can be used to identify a person, including name,

27  address, date of birth, Social Security number, driver's license

28

1  number, telephone number, account number, or personal identification

2  number.  The term "PII Protected Information" refers to materials

3  containing PII that the government produces to the defense pursuant

4  to the Protective Order.

5       6.   The Court may issue a protective order pursuant to Fed. R.

6  Crim. P. 16(d), which states in pertinent part, "[a]t any time the

7  court may, for good cause, deny, restrict, or defer discovery or

8  inspection, or grant other appropriate relief."

9       7.   Wherefore, to permit the government to provide discovery

10 material to defense counsel while avoiding the unauthorized

11 dissemination of what the government classifies as child victim

12 information or personally identifying information (collectively, the

13 "PROTECTED MATERIALS"), the discovery that is produced will be

14 subject to a Protective Order designed to protect the PROTECTED

15 MATERIALS from inadvertent or unauthorized disclosure.  The

16 Protective Order will include any discovery relating to the PROTECTED

17 MATERIALS, that is, written documentation, electronic data,

18 photographs and audio and/or video recordings provided to the Defense

19 Team, as defined below, including any information contained therein

20 and any copies of said discovery, which include, but are not limited

21 to, paper or electronic copies before or after the execution of the

22 Protective Order.

23      8.   For purposes of this stipulation, the term "Defense Team"

24 refers to the defendant and his counsel of record.  "Defense Team"

25 refers to the above-named counsel of record and any co-counsel

26 specifically assigned to work on this case.  Additionally, the term

27 "Defense Team" includes any defense paralegals, investigators,

28

1  employees, experts, or translators hired by the counsel of record for

2  any defendant to assist counsel with this case.  "Defense Team"

3  includes counsel for the La Luz Del Mundo Church whom defendant

4  considers to be an integral part of his Defense Team.  "Defense Team"

5  includes any subsequent counsel of record, should current counsel of

6  record be relieved from this case or should another defendant's

7  counsel be added to the Court's docket.  "Defense Team" does not

8  include family members and other associates of defendants.

9       9.   The Defense Team is prohibited from directly providing

10  access to the PROTECTED MATERIALS to anyone not working on the

11  defense of this criminal case.

12       10.  The Defense Team shall maintain all the PROTECTED MATERIALS

13  received from the government in a manner consistent with the terms of

14  this Protective Order and 18 U.S.C. § 3509(d).  All information

15  produced to the defense that the government designates as PROTECTED

16  MATERIALS shall be stored in a secure manner in defense counsel's

17  office.  Electronic materials produced to the defense and printouts

18  obtained from electronic materials shall be handled in the same

19  manner.  For avoidance of doubt, electronic and paper PROTECTED

20  MATERIALS may be stored in defense counsel's electronic file

21  maintenance system, with access restricted to members of the Defense

22  Team.

23       11.  Defendant and his attorney are required to give a copy of

24  this Protective Order to all individuals outside defense counsel's

25  office engaged or consulted by defense counsel in preparation of the

26  trial in this case.  Said individuals must agree in writing to be

27  bound by the terms of this Protective Order before receiving any of

28

1    the PROTECTED MATERIALS in connection with this case.  The Defense

2    Team will keep a list of all individuals who have agreed in writing

3    to be bound by the terms of this Protective Order, which list may be

4    disclosed upon order of the Court in the event that the Court is

5    asked to determine whether a possible breach of the terms of the

6    Protective Order has occurred.

7         12.  The attorney of record and members of the Defense Team may

8    display and review the PROTECTED MATERIALS with the defendant.  The

9    attorney of record and members of the defense team acknowledge that

10   providing copies of the PROTECTED MATERIALS to defendant or other

11   persons is prohibited, and agree not to provide copies of the

12   PROTECTED MATERIALS to defendant or other persons.

13        13.  Nothing in this order should be construed as imposing any

14   discovery obligations on the government or defendant that are

15   different from those imposed by case law and/or Rule 16 of the

16   Federal Rules of Criminal Procedure, and the Local Criminal Rules.

17        14.  Any of the PROTECTED MATERIALS that are filed with the

18   Court in connection with pre-trial motions, trial, sentencing, or

19   other matter before this Court, shall be filed under seal and shall

20   remain sealed until otherwise ordered by this Court, pursuant to Rule

21   16(d) and 18 U.S.C. § 3509(d).  This does not entitle either party to

22   seal their filings as a matter of course.  The parties are required

23   to comply in all respects to the relevant local and federal rules of

24   criminal procedure pertaining to the sealing of court documents.

25        15.  A recipient shall use the PROTECTED MATERIALS only for the

26   preparation and litigation of this matter, and for no other purpose.

27   Litigation of this matter includes any appeal filed by defendant, and

28

any motion filed by defendant pursuant to 28 U.S.C. § 2255.  Upon the final disposition of this case, any of the PROTECTED MATERIALS shall not be used, in any way, in any other matter, absent a court order. All of the PROTECTED MATERIALS maintained in the Defense Team's files shall remain subject to the protective order unless and until such order is modified by court order.  Upon the conclusion of appellate and post-conviction proceedings, and upon the consent of defendant who the Defense Team represents, the Defense Team shall return the PROTECTED MATERIALS or certify that the PROTECTED MATERIALS have been destroyed.

16.  All employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and all members of the Defense Team, will comply with 18 U.S.C. § 3509(d).

17.  An unauthorized use, disclosure, or dissemination of the PROTECTED MATERIALS may constitute a violation of law and/or contempt of court.  Further, title 18, United States Code, Section 403 states, "A knowing or intentional violation of the privacy protection accorded by section 3509 of this title is a criminal contempt punishable by not more than one year's imprisonment, or a fine under this title, or both.

//

//

//

18.  Defendant's counsel represents that he has discussed this stipulation and proposed Protective Order with his client who agrees to be bound by this stipulation and the proposed Protective Order, if executed by the Court.

IT IS SO STIPULATED.


Dated: 11/02/23

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

_Catharine Richmond_

_____
CATHARINE A. RICHMOND
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA


/s *Caleb Mason*

Dated: 11/1/2023

_____
ALAN JACKSON
CALEB MASON

Attorneys for Defendant
NAASON JOAQUIN GARCIA

9